## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

**In re:**

| | | |
|---|---|---|
| **LEVEL III TRADING PARTNERS, LP** | \* | |
|        **Debtors** | \* | |
| -------------------------------------------------- | \* | |
| **PATRICK C. COTTER, in his capacity** | \* | **CHAPTER 11** |
| **as Trustee of the Level III Trading** | \* | **CASE NO.:  13-12120** |
| **Partners, LP Litigation Trust** | \* | |
|        **Plaintiff** | \* | |
| | \* | |
| **VERSUS** | \* | |
| | \* | |
| **ROBERT B. McMANUS** | \* | |
|        **Defendant** | \* | **Case No. 15-01148 F(4)** |
| | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM OF LAW IN SUPPORT OF**</u>
<u>**ROBERT McMANUS' MOTION TO DISMISS COMPLAINT**</u>

Robert McManus, ("McManus"), the defendant herein, through its undersigned counsel submits this Memorandum of Law in support of its Motion to Dismiss the complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") respectively incorporated by reference in Rules 7009 and 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**<u>Background</u>**

Robert McManus is a retired insurance agent who was manipulated into using his retirement to invest a total of $130,000 ("principal") in Level III Trading Partners, LP, through the general partner, Bruce Gwyn ("Gwyn"). At Gwyn's direction, the principal was returned to McManus in a series of wires transfers between September and December of 2010 at so that it

could be ultimately reinvested into shares of the Plaintiff's biggest asset, Treaty Energy Corporation stock. On July 27, 2011 used the principal to purchase shares of Treaty stock through the investing entity Rampart Leon Financial, also run by Gwyn.

**The entire principal returned to McManus from Level III was subsequently transferred _back_ to Bruce Gwyn within a day of receipt under the name Rampart Leon Financial for investment into Treaty Energy stock and <u>no profit</u> was made by McManus from the Level III entity.**

Attached are copies of all the wire transfers showing the funds going back to an account handled by either Gwyn or Level III Trading Partners LP ("Level III") as a stockbroker for Treaty Energy Corporation. (See Exhibit A)

McManus filed suit to recover his principal against Treaty Energy Corporation and received a default judgment on February 9, 2015. (See Exhibit B).

Plaintiff alleges two claims for relief. First they claim the wire transfers are subject to a Louisiana revocatory claim. And second, they allege that the transfers were fraudulent under both the United States Bankruptcy Code and the Alabama Uniform Transfer Act, and that the payment of profit constituted actual fraudulent transfers.

Plaintiff alleges, in some detail, deliberate and intentional misconduct, fraud and wrongdoing committed by its General Partner, Bruce Gwyn, who the Plaintiff alleges, operated a fictitious profit scheme by paying profits to older investors from new investments[1].

Significantly however, the Plaintiff has not made a single allegation pertaining to McManus which would suggest any wrongful or improper conduct on the part of this Defendant with respect to his investment in, or payment from, the Plaintiff.

---

[1] Paragraph 2 of Complaint "In essence, Gwyn used Level III's greatly depleted capital and capital from new investors to pay redemption proceeds to the Defendant as they attempted to exit the Fund."

2

Case 15-01037-cv-Doc 248-MEICF-06/02/15 Document 8-06/02/15 05:23:09 Page 3 of 14
Case 15-01037-cv-Doc 248-MEICF-06/02/15 Entered 06/02/15 05:23:09 Memorandum of
Law    Page 3 of 14

Rather, in paragraph 16 of the Complaint, the Plaintiff merely, and conclusorily alleges that at the time McManus redeemed his investment, "he knew or should have known" that Level III was fraudulent and insolvent based on unspecified "red flags" and based on the alleged fact that he was "tipped[2]" by investment advisors or others to withdraw their investment from Level III.

It is important to note, that had McManus been tipped off in any way, he would not have used his principal to invest again through Gwyn in Treaty Energy Corporation, which was the largest asset was owned by Level III.

## **LEGAL STANDARDS**

Rule 7012 (b) of the Federal Rules of Bankruptcy Procedure provides that Rule 12(b)(6) of the Federal Rules of Civil Procedure apply in adversary proceedings. Rule 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12 (b)(6).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. Twombly*, 550 U.S. 544, 570 (2007).

A claim satisfies the plausibility test only when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for misconduct alleged. *Id.* A court may also consider documents that are attached to the motion to dismiss if the documents are specifically referenced in the complaint and are central to the plaintiff's claim. *Sullivan v. Leor Energy, LLC*, 600F.3d 542, 546 (5th Cir. 2010).

---

[2] The Plaintiff does not even allege that McManus was tipped, only that "upon information and belief," was tipped. (Complaint ¶16) In any event, McManus denies these allegations.

F.R.C.P. 9(b), incorporated in Bankruptcy Rule 7009, sets forth a heightened pleading standard for allegations of fraud and provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." A plaintiff "must allege facts that give rise to a strong inference of fraudulent intent." *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir. 1995).

Even accepted as true, for the following reasons the facts as pled by the Plaintiff in its Complaint fail to state any claim for relief as against Robert McManus for the reasons set forth below:

## ARGUMENT

**1. Revocatory Action Fails as Prescribed and Not Plausible**

In its First Claim for Relief, Plaintiff invokes the revocatory statute to avoid transfers occurring up to three years prior to the "act" under La. C.C. 2041. However, all of these transfers occurred between September and December of 2010, over three years before the filing of this complaint in 2015 and are prescribed as a matter of law. Although the 2013 revision of La.C.C.2041 made an exception for fraud and there has been no specific allegation that McManus <u>himself</u> acted fraudulently in any way and the new revision does not apply to the transfers from 2010.

Louisiana Civil Code 2038 states the following:

> Art. 2038. Onerous contract made by the obligor
> An obligee may annul an onerous contract made by the obligor with a person who knew or should have known that the contract would cause or increase the obligor's insolvency. In that case, the person is entitled to recover what he gave in return only to the extent that it has inured to the benefit of the obligor's creditors.
> An obligee may annul an onerous contract made by the obligor with a person <u>who did not know that the contract would cause or increase the obligor's insolvency, but in that case that person is entitled to recover as much as he gave to</u>

4

<u>the obligor.</u> That lack of knowledge is presumed when that person has given at least four-fifths of the value of the thing obtained in return from the obligor.

The code article allows only the annulling of amounts Plaintiff gave to McManus as **profit**. In this case, there was no profit as all transfers were a return of McManus' principal. Thus, McManus is entitled to keep his principal.

The Complaint also fails because there is no specific allegation of any knowledge by McManus that he either knew or should have known that the contract would cause or increase insolvency. Rather, in paragraph 16 of the Complaint, the Plaintiff merely, and conclusorily alleges that at the time McManus redeemed his investment, "he knew or should have known" that Level III was fraudulent and insolvent based on unspecified "red flags" and based on the alleged fact that he was "tipped[3]" by investment advisors or others with withdraw their investment from Level III.

The claim is a "formulaic recitation of the elements of [that] cause of action," which fails to satisfy Rule 8 pleading standard. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).

McManus requests that this Court can take judicial notice of the Judgment against Treaty Energy for $130,000 and the Petition filed in that case attached as Exhibit B to this motion. The Petition states that the funds were transferred to Gwyn in his investment with Treaty. Thus, this allegation of "tipped off" is merely speculative and is not plausible under the *Twombly* requirements and, Count 1 under Louisiana Revocatory article fails as a matter of law.

### 2. **Complaint Fails to Plead Actual Fraud with Particularity or Sufficient Facts**

Under §548(a)(1)(A) of the Bankruptcy Code and the Alabama Fraudulent Transfer Statute, a plaintiff must plead and prove that the transferor acted with requisite intent to

---

[3] The Plaintiff does not even allege that McManus was tipped, only that "upon information and belief," was tipped. (Complaint ¶16) In any event, McManus denies these allegations.

5

hinder, delay or defraud creditors. See Alabama Code Section 8-9A-4. Further, under Alabama law, a plaintiff must further plead and prove actual fraudulent intent on the part of the transferee as well as the transferor. Alabama Code Section 8-9A-4(a).

Because it is difficult, barring the rare admission, to prove that any party to a transaction possessed the "actual intent" to defraud creditors the statute provides ways in which to find actual fraudulent intent on the part of the transferor. Alabama Code Section 8-9A-4(b).

In determining actual intent under subsection (a), consideration may be given, among other factors, to whether:

(1) The transfer was to an insider;
(2) The debtor retained possession or control of the property transferred after the transfer;
(3) The transfer was disclosed or concealed;
(4) Before the transfer was made the debtor had been sued or threatened with suit;
(5) The transfer was of substantially all the debtor's assets;
(6) The debtor absconded;
(7) The debtor removed or concealed assets;
(8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred;
(9) The debtor was insolvent or became insolvent shortly after the transfer was made;
(10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and
(11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

The Plaintiff's allegations as to the transfers do not set forth any facts containing the requisite considerations of intent. The Plaintiff has therefore failed to plead actual fraud as to the transfers with required particularity. All the Plaintiff has done is plead facts alleging fraud as to its dealings with other unpaid creditors. Thus, Count 2 fails as a matter of law under both 11 USC 548(a)(1)(A) and the Alabama Fraudulent Transfers statute.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint.

Respectfully submitted,

\_\_\_/s/ Jessica Vasquez_____
**VASQUEZ LAW OFFICE**
**JESSICA VASQUEZ (Bar No. 27124)**
650 Poydras Street, Ste. 1414
New Orleans, Louisiana 70130
Telephone: (504) 571-9582
Facsimile: (504) 684-1449
Email: jvasquez@vasquezlawoffice.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been duly served upon all counsel of record, this \_29\_ day of May, 2015.

\_\_\_/s/Jessica Vasquez_____
Jessica M. Vasquez

Case 3:10-cv-01513-MEJ Document 248-1 Filed 06/02/15 Entered 06/02/15 15:23:09 Page 8 of 14
Case 15-01035-0 Doc 248-1 Filed 06/02/15 Entered 06/02/15 15:23:09 Memorandum of

*Outgoing Message Print*
*Page 8 of 14*

Date: 03-23-2015  Time: 13:48:06

(c) Fundtech Systems

## Message Information

| | | | |
|---|---|---|---|
| Amount: | 40,000.00 | Message ID: 100928123448AA01 | Source: |
| Currency: | USD | Latest Version: 0 | Priority: Medium |
| Value date: | 2010-09-28 | Time: 12:47:05 | URC: |
| Bank ID: | 860 | Department: WIR | Status: COMPLETE |
| Message Type: | 10 - Regular Funds Transfer Message | | |
| Message Subtype: | 00 - Transfer of Funds | | |
| Fee: | 0.00 | Service: | Branch: 001BR12 |
| Ref No.: | 100928123448AA01 | External Ref.: | Template: |

## Message Text - Version 0

| | | | |
|---|---|---|---|
| Sender ABA: 323370666 | Sender Name: RIVERVIEW BANK | Ref No.: 100928123448AA01 | |
| Recvr ABA: 065403370 | Recvr Name: FST NAT BANKERS BK | Ref For Beneficiary: | |
| Account Bank ID: 860 | Account: 1212519493 | Acc. Type: DDA | Prod. Code: CTR |
| Ref IMAD: | | As of Reason: | As of Date: |
| Imad: 20100928L3B7451C000035 | | Disposition: | |
| Omad: 20100928MMQFMP2300084809281547FT01 | | | |

**Originator**

ACC NO  1212519493
ROBERT B MCMANUS
EXPENSE
1430 NW WHITMAN CT
CAMAS, WA 98607

**Originator Bank**

**Beneficiary**

ACC NO  110029374
First nbc bank beneficiary
210 baronne st
new orleans, la 70112

**Beneficiary Bank**

**Intermediary Bank**

**Instructing Bank**

**Drawdown Debit Account**

**Drawdown Credit Account**

Initiator ID:

Originator Bank Info:  Rampant Leon Financial Corp credit to 110029374

Free Text:

Exhibit A

Case 15-01037-mkn Doc 148-1 Entered 06/02/15 15:23:09 Page 9 of 14
Case 2:15-cv-00269-MCE-KJN Document 8-2 Filed 06/24/15 Page 9 of 14

Memorandum of
*Incoming Message Print* Law Page 9

Date: 03-23-2015                                                                Time: 13:48:05

(c) Fundtech Systems

## Message Information

| | | | | | |
|---|---|---|---|---|---|
| Amount: | 25,000.00 | Message ID: | 100928075553F100 | Source: | Original |
| Currency: | USD | Latest Version: | 0 | Priority: | Medium |
| Value date: | 2010-09-28 | Time: | 07:55:53 | URC: | |
| Bank ID: | 860 | Department: | WIR | Status: | COMPLETE |
| Message Type: | 10 - Regular Funds Transfer Message | | | | |
| Message Subtype: | 00 - Transfer of Funds | | | | |
| Fee: | 0.00 | Service: | FLS | Branch: | 001BR12 |
| Ref No.: | 32568776 | External Ref.: | | Template: | |

### Message Text - Version 0

| | | | | | |
|---|---|---|---|---|---|
| Sender ABA: | 065000090 | Sender Name: | CAPITALONE LA | Ref No.: | 32568776 |
| Recvr ABA: | 323370666 | Recvr Name: | RIVERVIEW COMMUNIT | Ref For Beneficiary: | |
| Account Bank ID: | 860 | Account: | 1212519493 | Acc. Type: DDA | Prod. Code: CTR |
| Ref IMAD: | | As of Reason: | | As of Date: | |
| Imad: | 20100928F5QCZ80C000422 | Disposition: | | | |
| Omad: | 20100928L3B7451C00001409281055FT01 | | | | |

**Originator**                                                                **Originator Bank**

ACC NO     2081515053
LEVEL III TRADING PA
220 HECTOR AVE
METAIRIE, LA 70005

**Beneficiary**                                                               **Beneficiary Bank**

ACC NO     1212519493
ROBERT MCMANUS
PO BOX 872290
VANCOUVER WA 98687

**Intermediary Bank**                                                         **Instructing Bank**

**Drawdown Debit Account**                                                    **Drawdown Credit Account**

Initiator ID:

Originator Bank Info:

Free Text:

Case 15-02035-cv-D01-248-MF Cecd 06/02/15 Document Entered 06/02/15 15:28:09 Page 10 of 14
Case 15-02035-cv-D01-248-MF Filed 06/02/15 Page 10 of 14 Memorandum of Law
*Incoming Message Print*

| | | |
|---|---|---|
| Date: | 03-23-2015 | Time: 14:01:46 |

(c) Fundtech Systems

## Message Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Amount: | 40,000.00 | Message ID: | 101006075719F105 | Source: | Original | |
| Currency: | USD | Latest Version: | 0 | Priority: | Medium | |
| Value date: | 2010-10-06 | Time: | 07:57:19 | URC: | | |
| Bank ID: | 860 | Department: | WIR | Status: | COMPLETE | |
| Message Type: | 10 - Regular Funds Transfer Message | | | | | |
| Message Subtype: | 00 - Transfer of Funds | | | | | |
| Fee: | 0.00 | Service: | FLS | Branch: | 001BR12 | |
| Ref No.: | 32790719 | External Ref.: | | Template: | | |

## Message Text - Version 0

| | | | | | | |
|---|---|---|---|---|---|---|
| Sender ABA: | 065000090 | Sender Name: | CAPITALONE LA | Ref No.: | 32790719 | |
| Recvr ABA: | 323370666 | Recvr Name: | RIVERVIEW COMMUNIT | Ref For Beneficiary: | | |
| Account Bank ID: | 860 | Account: | 1212519493 | Acc. Type: | DDA | Prod. Code: CTR |
| Ref IMAD: | | As of Reason: | | As of Date: | | |
| Imad: | 20101006F5QCZ80C000296 | Disposition: | | | | |
| Omad: | 20101006L3B7451C00000610061004FT01 | | | | | |

**Originator**

ACC NO      2081515053
LEVEL III TRADING PA
220 HECTOR AVE
METAIRIE, LA 70005

**Originator Bank**

**Beneficiary**

ACC NO      1212519493
ROBERT MCMANUS
PO BOX 872290
VANCOUVER WA 98687

**Beneficiary Bank**

**Intermediary Bank**

**Instructing Bank**

**Drawdown Debit Account**

**Drawdown Credit Account**

Initiator ID:

**Originator Bank Info:**

**Free Text:**

Case 15-cv-00128-MC Document 1 Filed 06/02/15 Entered 06/02/15 15:28:09 Page 11 of 14
Case 3:15-cv-00128-MC Document 1-1 Filed 06/02/15 Page 11 of 14

Memorandum of
Law Page 11 of 14

## Outgoing Message Print

**Date:** 03-23-2015  **Time:** 14:01:45

(c) Fundtech Systems

### Message Information

| | | | | | |
|---|---|---|---|---|---|
| Amount: | 40,000.00 | Message ID: | 101006091149AA01 | Source: | |
| Currency: | USD | Latest Version: | 1 | Priority: | Medium |
| Value date: | 2010-10-06 | Time: | 10:16:34 | URC: | |
| Bank ID: | 860 | Department: | WIR | Status: | COMPLETE |
| Message Type: | 10 - Regular Funds Transfer Message | | | | |
| Message Subtype: | 00 - Transfer of Funds | | | | |
| Fee: | 0.00 | Service: | | Branch: | 001BR12 |
| Ref No.: | 101006091149AA01 | External Ref.: | | Template: | |

### Message Text - Version 1

| | | | | | |
|---|---|---|---|---|---|
| Sender ABA: | 323370666 | Sender Name: | RIVERVIEW BANK | Ref No.: | 101006091149AA01 |
| Recvr ABA: | 065403370 | Recvr Name: | FST NAT BANKERS BK | Ref For Beneficiary: | |
| Account Bank ID: | 860 | Account: | 1212519493 | Acc. Type: DDA | Prod. Code: CTR |
| Ref IMAD: | | As of Reason: | | As of Date: | |
| Imad: | 20101006L3B7451C000013 | Disposition: | | | |
| Omad: | 20101006MMQFMP2300049310061320FT01 | | | | |

**Originator**

ACC NO    1212519493
ROBERT B MCMANUS
EXPENSE
1430 NW WHITMAN CT
CAMAS, WA 98607

**Originator Bank**

**Beneficiary**

ACC NO    110029374
rampant leon financial corp

**Beneficiary Bank**

ABA    065005435
first nbc bank beneficiary
210 baronne st
new orleans, la 70112

**Intermediary Bank**

**Instructing Bank**

**Drawdown Debit Account**

**Drawdown Credit Account**

**Initiator ID:**

**Originator Bank Info:**

**Free Text:**

| | | |
|---|---|---|
| **Date:** 03-23-2015 | | **Time:** 14:02:46 |

(c) Fundtech Systems

## Message Information

| | | | | | |
|---|---|---|---|---|---|
| Amount: | 50,000.00 | Message ID: | 101215093911F100 | Source: | Original |
| Currency: | USD | Latest Version: | 0 | Priority: | Medium |
| Value date: | 2010-12-15 | Time: | 09:39:11 | URC: | |
| Bank ID: | 860 | Department: | WIR | Status: | COMPLETE |
| Message Type: | 10 - Regular Funds Transfer Message | | | | |
| Message Subtype: | 00 - Transfer of Funds | | | | |
| Fee: | 0.00 | Service: | FLS | Branch: | 001BR12 |
| Ref No.: | 34665513 | External Ref.: | | Template: | |

### Message Text - Version 0

| | | | | | |
|---|---|---|---|---|---|
| Sender ABA: | 065000090 | Sender Name: | CAPITALONE LA | Ref No.: | 34665513 |
| Recvr ABA: | 323370666 | Recvr Name: | RIVERVIEW COMMUNIT | Ref For Beneficiary: | |
| Account Bank ID: | 860 | Account: | 1212519493 | Acc. Type: DDA | Prod. Code: CTR |
| Ref IMAD: | | As of Reason: | | As of Date: | |
| Imad: | 20101215F5QCZ80C001318 | Disposition: | | | |
| Omad: | 20101215L3B7451C00001212151239FT03 | | | | |

**Originator**

ACC NO    2081515053
LEVEL III TRADING PA
220 HECTOR AVE
METAIRIE, LA 70005

**Originator Bank**

**Beneficiary**

ACC NO    1212519493
ROBERT MCMANUS
1430 NW WHITMAN ST
CAMAS, WA 98607

**Beneficiary Bank**

**Intermediary Bank**

**Instructing Bank**

**Drawdown Debit Account**

**Drawdown Credit Account**

**Initiator ID:**

**Originator Bank Info:**

**Free Text:**

*Outgoing Message Print*

Date: 03-23-2015  Time: 14:02:45

(c) Fundtech Systems

## Message Information

| | | | | | |
|---|---|---|---|---|---|
| Amount: | 50,000.00 | Message ID: | 101216100545AA01 | Source: | |
| Currency: | USD | Latest Version: | 0 | Priority: | Medium |
| Value date: | 2010-12-16 | Time: | 10:22:14 | URC: | |
| Bank ID: | 860 | Department: | WIR | Status: | COMPLETE |
| Message Type: | 10 - Regular Funds Transfer Message | | | | |
| Message Subtype: | 00 - Transfer of Funds | | | | |
| Fee: | 0.00 | Service: | | Branch: | 001BR12 |
| Ref No.: | 101216100545AA01 | External Ref.: | | Template: | |

## Message Text - Version  0

| | | | | | |
|---|---|---|---|---|---|
| Sender ABA: | 323370666 | Sender Name: | RIVERVIEW BANK | Ref No.: | 101216100545AA01 |
| Recvr ABA: | 062005690 | Recvr Name: | REGIONS BK | Ref For Beneficiary: | |
| Account Bank ID: | 860 | Account: | 1212519493 | Acc. Type: DDA | Prod. Code: CTR |
| Ref IMAD: | | As of Reason: | | As of Date: | |
| Imad: | 20101216L3B7451C000012 | Disposition: | | | |
| Omad: | 20101216F2QCZ00C00279212161322FT03 | | | | |

**Originator**  
ACC NO  1212519493  
ROBERT B MCMANUS  
EXPENSE  
1430 NW WHITMAN CT  
CAMAS, WA 98607  

**Originator Bank**

**Beneficiary**  
ACC NO  0080331289  
Rampant Leon Financial Corp  
201 ST Charles ave ste 2534  
new orleans, la 70130  

**Beneficiary Bank**

**Intermediary Bank**

**Instructing Bank**

**Drawdown Debit Account**

**Drawdown Credit Account**

Initiator ID:

Originator Bank Info:

Free Text:

CIVIL DISTRICT COURT FOR ORLEANS PARISH

STATE OF LOUISIANA

NO. 2014-4340                                                          DIVISION "M"

ROBERT MCMANUS

VERSUS

TREATY ENERGY CORPORATION, BRUCE GWYN, C&C PETROLEUM MANAGMENT, LLC, ANDREW V. REID, and RONALD BLACKBURN

FILED:_____                    _____
                                                                        DEPUTY CLERK

## JUDGMENT

The Court, having entered a Judgment of Default against the Defendants, Treaty Energy Corporation, Bruce Gwyn, C&C Petroleum Management, LLC, Andrew V. Reid, and Ronald Blackburn, and having received due proof of the plaintiff's demands now considering the law and evidence to be in favor of plaintiff, for the reasons assigned it is:

IT IS ORDERED, ADJUDGED, AND DECREED that the default herein entered on August 5, 2014, is confirmed and judgment is rendered in favor of the Plaintiff, Robert McManus, against Defendants, Treaty Energy Corporation, Bruce Gwyn, C&C Petroleum Management, LLC, Andrew V. Reid, and Ronald Blackburn, in solido, in the sum of $130,000 with legal interest from the date of investment July 27, 2011, until paid, for all costs of these proceedings, and one-third of the recovery as attorneys' fees.

DONE AND SIGNED in New Orleans, Louisiana, this 07 day of FEB 09 2015, 2015

_____
CIVIL DISTRICT COURT JUDGE

A TRUE COPY
_____
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

FEB 11 2015

ENTERED ON MINUTES

Submitted By:

_____
**VASQUEZ LAW OFFICE**
Jessica M. Vásquez (La. Bar 27124)
650 Poydras Street, Ste. 1414.
New Orleans, La. 70130
(t) 504/571.9582
(f) 504/684.1449
*ATTORNEY FOR PLAINTIFF*

5

Exhibit B