UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

**In re:**

| | | |
|---|---|---|
| **LEVEL III TADING PARTNERS, L.P.,** | * | **CASE NO. 13-12120** |
| | * | |
| Debtor. | * | **CHAPTER 11** |
| ------------------------------------------------------- | | |
| **PATRICK C. COTTER, in his capacity** | * | |
| **As Trustee of the Level III Trading** | * | |
| **Partners, LP Litigation Trust,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | **ADV. #15-01037** |
| **VERSUS** | * | |
| | * | |
| **ROBERT B. McMANUS** | * | |
| | * | |
| Defendants. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

NOW INTO COURT, through undersigned counsel, comes the Plaintiff, Patrick C. Cotter, in his capacity as Trustee of the Level III Litigation Partners, L.P. Litigation Trust, who hereby opposes the *Motion to Dismiss the Adversary Complaint* ("Motion") filed by the Defendant Robert McManus. The Defendant's Motion should be denied as the actions brought by the Plaintiff have not prescribed under applicable bankruptcy law, the Complaint meets the pleading requirements of the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure, and all necessary parties have been joined.

I.  BACKGROUND

The Defendant was an investor in Level III Trading Partners, L.P. ("Level III"), which operated as a controlled private pool investment fund (commonly known as a "hedge fund"). Between September 28, 2010 and April 20, 2011, the Defendant received $120,000.00 from Level III after requesting redemptions of their investment.

An involuntary bankruptcy case was commenced against Level III on August 2, 2013. On October 1, 2013, an order for relief was entered and the case was converted to a voluntary Chapter 11. On April 10, 2015, the Plaintiff filed the Complaint.

II. AVOIDANCE ACTIONS HAVE NOT PRESCRIBED.

The Defendant has alleged that the Plaintiff's claim has prescribed since the Complaint was not timely filed under Louisiana law. Louisiana Civ. Code Ann. art. 2041 states that all revocatory claims must be brought within one (1) year after the creditor learned or should have learned of the transfer, but never more than three (3) years from the date of the transfer. However, the deadlines set forth in Article 2041 are not controlling due to the bankruptcy case. The only relevance of Art. 2041 is whether any claims prescribed prior to the Relief Date. The Defendant has neither provided any evidence nor even alleged that claims under the Louisiana Revocatory Action (LA C.C. Art. 2036, *et. seq.*) prescribed prior to the Relief Date.

Upon the commencement of a bankruptcy case, the Bankruptcy Code determines the prescriptive periods of avoidance actions. The Plaintiff is not barred by the three-year statute of limitations of the Louisiana Revocatory Actions because, under § 546(a) of the Code, the Plaintiff has two additional years from the Relief Date to commence the action. Section 546(a) provides:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title [11 USCS § 544, 545, 547, 548, or 553] may not be commenced after the earlier of--
> (1) the later of--
> (A) 2 years after the entry of the order for relief; or
> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title [11 USCS § 702, 1104, 1163, 1202, or 1302] if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
> (2) the time the case is closed or dismissed.

11 U.S.C. § 546 (2012)

Since any claims against the Defendant under the Louisiana Revocatory Action had not prescribed prior to the Relief Date, the Plaintiff has two (2) years from the Relief Date, or through October 1, 2015, to initiate the action. The Defendant's assertion of prescription are contrary to the prevailing case law on this issue.

> Section 546(a) expressly applies only to actions brought under sections 544, 545, 547, 548, or 553. 11 U.S.C. § 546(a). Without its time extension, a trustee might be unable to assert claims if the state-law limitations period is exceptionally brief. The Bankruptcy Code uses state fraudulent-transfer law and provides trustees the power to avoid fraudulent transfers. Section 546(a) is designed to give the trustee "some breathing room" to determine which claims to bring under section 544. In re Dry Wall Supply, Inc., 111 B.R. 933, 936-37 (D. Colo. 1990). "This reprieve from the statute of limitations clock is especially important where the management of a business, in the period immediately prior to bankruptcy, may not have adequate incentives to bring lawsuits in a timely fashion where the recovery is remote in either time or certainty or the prospective benefits would accrue to creditors rather than shareholders." In re Princeton-New York Investments, Inc., 199 B.R. 285, 297 (Bankr. D.N.J. 1996). Smith v. Am. Founders Fin., Corp., 365 B.R. 647, 677-678, 2007 U.S. Dist. LEXIS 17645, *79-80 (S.D. Tex. 2007)
>
> Several cases discuss the application of section 546(a) to state limitations statutes. See, e.g., In re Spatz, 222 B.R. 157, 164 (B.A.P. N.D. Ill. 1998); In re Martin, 142 B.R. 260, 265 (Bankr. N.D. Ill. 1992); In re Topcor, Inc., 132 B.R. 119 (Bankr. N.D. Tex. 1991); In re Dry Wall Supply, Inc., 111 B.R. 933 (D. Colo. 1990). Nearly all hold that if at the beginning of the bankruptcy proceeding, a state fraudulent-transfer claim is viable--because the state statute of limitations has not yet expired--then section 546(a) provides the trustee an additional two years from the time of his appointment to file a fraudulent-transfer action. "Under this analysis, it is immaterial if the limitations period accrues during the pendency of the bankruptcy case." In re Spatz, 222 B.R. at 164. Smith v. Am. Founders Fin., Corp., 365 B.R. 647, 678, 2007 U.S. Dist. LEXIS 17645, *81 (S.D. Tex. 2007)

The same standard would also apply if the Plaintiff is seeking to avoid the transfer to the Defendant through the Alabama Uniform Fraudulent Transfer Act ("UFTA") (Ala. Code § 8-9A-1 *et seq*). Under UFTA, claims must be brought within four (4) years of the transfer.[1] Accordingly, any claims against the Defendant under UFTA would not have prescribed prior to the Relief Date.

---

[1] see id. § 8-9A-9

    III.    THE PLAINTIFF HAS PLED FACTS ALLEGING A PONZI SCHEME WITH SUFFICIENT PARTICULARITY

The Defendants also claim that the Complaint should be dismissed or amended for failing to state the fraudulent acts of the Defendants with particularity. Due to the nature of the transactions, the Plaintiff has not alleged that the Defendants committed any fraudulent acts. Claims brought under state versions of the Uniform Fraudulent Transfer Act ("UFTA") via 11 U.S.C. § 544 require fraudulent acts of the transferor, not transferee.

    A. *In the Context of a Ponzi Scheme, the Intent of Conduct of the Transferee is Not Relevant*

Under UFTA, a debtor makes a fraudulent transfer if the debtor made the transfer "with actual intent to hinder, delay, or defraud any creditor of the debtor"[2] Whether the debtor made the transfer with the requisite intent may be determined by considering a non-exhaustive list of factors, or "badges of fraud." SEC v. Cook 2001 WL 256172 (N.D. Tex 2001). However, in the case of a Ponzi scheme, many courts have found that the debtor's intent to hinder, delay or defraud is established by the mere existence of the Ponzi scheme. *Id;* Merrill v. Abbott (In re Indep. Clearing House Co.), 77 B.R. 843 (Bankr. D. Utah 1987); see also Floyd v. Dunson (In re Rodriguez), 209 B.R. 424, 434 (Bankr. S.D. Tex. 1997). The intent of the person running a Ponzi scheme when he makes large payments of money to investors or to brokers who bring in more investors is to keep the scheme going. The debtor knows to a substantial certainty that the scheme cannot go on forever and later investors will eventually lose. Thus, when he takes incoming funds and transfers them to early investors, as in the case of Level III, he is making such transfers with the actual intent to hinder, delay or defraud later investors and creditors. Therefore, when the facts are plead with sufficient particularity to allege the existence of a Ponzi scheme, the requirements of Rule 9(b) are

---

[2] See Ala. Code § 8-9A-4

satisfied when a Trustee seeks to avoid transfers to early investors, as in this case. See, In re Provident Royalties, LLC (Bankr. N.D. Tex. 2014); SEC v. Cook 2001 WL 256172 (N.D. Tex. 2001).

The Complaint alleges that the fund subscription redemptions paid to defendants were paid on the basis of fictitious profits in furtherance of a Ponzi scheme operated by the debtor's principal, Bruce Gwyn.[3] The Complaint pleads facts describing a Ponzi scheme with adequate particularity to meet Rule 9 standards, and the Defendants have not objected to the pleading of the Ponzi scheme itself. Therefore, the presumption arises that payments made in furtherance of the Ponzi scheme were actual fraudulent transfers. The pleading of Ponzi scheme facts triggers the presumption that the transfers made to the Defendant herein were with actual intent to hinder, delay, or defraud creditors, by alleging that contributions were made to foster semblance of business profitability strong enough to permit such contributions, and to thereby attract new "investors" to scheme and/or to prevent the discovery of the scheme. In re Petters Co., Inc. 496 B.R. 887 (Bankr. D. Minn. 2013); cited by Think3 Litig. Tr. v. Zuccarello (In re Think3, Inc.), 529 B.R. 147 (Bankr. W.D. Tex. 2015). The intent of the transferor, Level III, is what is relevant here, not the intent or conduct of the Defendants/ transferees. If the Plaintiff can prove, as alleged, that the principal of the Debtor did operate a Ponzi scheme, then the transfers to the defendants are avoidable under UFTA via Section 544.

> B. *Avoidance of Constructive Fraudulent Transfers Are Subject to Rule 8 Notice Pleadings, Not Rule 9.*

To the extent the Trustee seeks to avoid transfers through Strong Arm application of the Louisiana Revocatory Action, the transfers are constructively fraudulent. Courts have held that allegations of a "constructive" fraudulent transfer need only satisfy the notice pleading standard

---

[3] See ¶¶ 9-15 of the Complaint

of Rule 8 instead of the heightened standard of Rule 9.

> Although claims for "actual" fraudulent transfers and "constructive" fraudulent transfers both derive from § 548 of the Bankruptcy Code, some courts apply a different pleading standard to the two types of claims. Some courts have found that allegations of an "actual" fraudulent transfer must satisfy the heightened pleading standard of *Rule 9(b)*; whereas, allegations of a "constructive" fraudulent transfer need only satisfy the notice pleading standard of Rule 8(a). See, e.g., Geltzer v. Barish (In re Geltzer), 502 B.R. 760, 766 (Bankr. S.D.N.Y. 2013); In re Petters Co., Inc., 495 B.R. 887, 916-17 (Bankr. D. Minn. 2013); AstroPower Liquidating Trust v. Xantrex Tech., Inc. (In re AstroPower Liquidating Trust), 335 B.R. 309, 333 (Bankr. D. Del. 2005). This distinction has been made by these courts because an actual fraudulent transfer claim under § 548(a)(1)(A) is based on the actual intent to defraud creditors; in contrast to a constructive fraudulent transfer claim under §548(a)(1)(B) which is based on the debtor's financial condition and the sufficiency of the consideration (not actual fraud). See Petters, 495 B.R. at 917; Geltzer, 504 B.R. at 766.
>
> The Fifth Circuit, however, has not definitively answered the question regarding which pleading standard to apply to fraudulent transfer claims. See Janvey v. Alguire, 647 F.3d 585, 599 (5th Cir. 2011) (declining to address the issue); see also Paradigm Air Carriers, Inc. v. Texas Rangers Baseball Partners (In re Texas Rangers Baseball Partners), 498 B.R. 679, 711-12 (Bankr. N.D. Tex. 2013) (declining to decide the issue, but finding that Rule 9(b) standard was met in any event). Think3 Litig. Tr., 529 B.R. at 197

The Louisiana Revocatory Action is enumerated in Article 2036 of the Louisiana Civil Code, and states that, "An obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the oblige arose, that causes of increase the obligor's insolvency." Unlike UFTA, a revocatory action does not require an act of the transferor with actual intent to hinder, delay, or defraud any creditor of the debtor. Claims under UFTA require actual fraud and are thus held to the more stringent pleading requirements of FRCP 9 (made applicable herein through FRBP 7009). The Revocatory Action seeks to recover a constructively fraudulent transfer since it only requires an act that causes or increases insolvency, and is therefore held to the lesser pleading standards of FRCP 8.

As the Plaintiff has sufficiently plead the facts required to assert a claim under the Louisiana Revocatory Action, he has also satisfied the requirements of FRCP 8 regarding the pleading of

constructive fraudulent acts.

IV.    ALTERNATIVELY, THE PLAINTIFF SHOULD BE PERMITTED TO AMEND THE COMPLAINT

Should this Court determine that the Complaint requires additional facts be plead or that additional parties should be added as defendants, the Plaintiff requests that he be permitted to amend the Complaint.

V.    CONCLUSION

The Plaintiff's claim against the Defendant had not prescribed as of the date the Complaint was filed and has satisfied the requirements of Bankruptcy Rules 7008 and 7009. Accordingly, the Defendants' Motion to Dismiss should be denied. Alternatively, should this Court determine that the Complaint requires additional facts be plead, the Plaintiff requests that he be permitted to amend the Complaint.

Respectfully submitted by

/s/Patrick S. Garrity
Patrick S. Garrity #23744
STEFFES, VINGIELLO & MCKENZIE, LLC
13702 Coursey Boulevard, Bldg.3
Baton Rouge, Louisiana 70817
Telephone: 225.751.1751
Fax: 225.751.1998
Email: pgarrity@steffeslaw.com
Counsel for the Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing *Plaintiff's Opposition to Motion to Dismiss* has been served upon counsel for defendant via the Court's CM/ECF Electronic Notification System.

Jessica Vasquez on behalf of Defendant Robert McManus
jvasquez@vasquezlawoffice.com, Jessica.vasquezf@gmail.com

Baton Rouge, Louisiana, August 18, 2015.

/s/ Patrick S. Garrity
Patrick S. Garrity